UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JAMES L. MATHIS                                CIVIL ACTION

                                               NO. 2:15-CV-00078
V.

HARTFORD LIFE AND ACCIDENT INSURANCE
COMPANY

**COMPLAINT**

The Complaint of James L. Mathis respectfully alleges:

1. This is a claim for ERISA disability benefits.

2. Plaintiff, **James L. Mathis**, of lawful age and a resident of New Orleans, Louisiana is a plan participant and beneficiary of an ERISA plan created by his employer, TCF Financial Corporation, and an insured participant of a group disability policy issued by The Hartford.

3. Defendant, **Hartford Life and Accident Insurance Company ("Hartford" or "The Hartford"),** is a foreign corporation authorized and doing business in Louisiana.

4. Defendant, TCF Financial Corporation, is an entity created by Plaintiff's former employer, TCF Financial Corporation, for the benefit of its employees.

5. This Court has jurisdiction and venue under the provisions of ERISA 29 U.SC. Sec. 1001 et. seq.

6. The Hartford issued a group policy, No. 9004263743, insuring the employees of TCF Financial Corporation.

7. ERISA mandates that all plan administrators/fiduciaries discharge their duties in the interest of plan participants and beneficiaries.  29 USC Sec. 1104(a)(1).

8. Plaintiff filed a claim for disability benefits with the Plan because his medical condition precluded him from continuing to perform the duties of his job on a fulltime basis.

9. Plaintiff is disabled under the terms of the disability policy issued by The Hartford.

10. Mr. Mathis was forced to stop working due to aggressive lymphoma. His last day with TCF Financial was on July 19, 2013. He received short term disability benefits and at the end of the short term period, he transitioned to LTD benefits provided by Hartford. Hartford paid him LTD benefits from December 2013 to April 2014.

11. Plaintiff attempted to return to work as much as he could for a new company, Quik Trak in April 2014. He was essentially performing the same job for Quik Trak as he had performed for TCF, except he was working as an independent contractor for Quik Trak on a sporadic basis and only paid per job.

12. Hartford's policy provides that long term disability benefits are continued while a claimant is working, but benefits will be terminated on the date that a claimant's current *monthly* earnings exceed "80% of your indexed pre-disability earnings if you are receiving benefits for being disabled from your occupation."

13. Mr. Mathis returned to work on a sporadic basis on April 21, 2014 for Quik Trak. Despite not having worked a full month, Hartford used his earnings for the period April 21, 2014 through April 30, 2014 ($973.50) to determine that he had earned more than 80% of his pre-disability earnings. Hartford chose to determine Plaintiff's current monthly earnings based on a 10-day period instead of based on the entire month of April.

14. Nothing in the policy allows Hartford to pro-rate earnings from a select period during any month in order to determine current *monthly* earnings. Hartford's decision to do so is a blatant abuse of discretion, and a breach of fiduciary duty.

15. Plaintiff submitted an appeal of the denial of his benefits, providing Hartford will all of his enclosed paystubs for Quik Trak, which demonstrate that his monthly earnings with Quik Trak never reached 80% of his pre-disability earnings.

16. Despite receiving overwhelming proof that Plaintiff's pay never exceeded 80% of his income, Hartford upheld the denial of his benefits.

17. The Hartford unlawfully denied Plaintiff benefits he is entitled to under terms of the The Hartford disability policy.

18. Plaintiff appealed the denial, but The Hartford upheld its previous decision.

19. The Hartford's denials are based on insubstantial evidence and are arbitrary and an abuse of discretion.

20. Plaintiff has exhausted his administrative remedies and now timely files this suit to reverse The Hartford's denial of benefits.

21. The Hartford has abused its discretion as plan administrator by denying Plaintiff's claim for benefits.  Hartford's actions also constitute a breach of fiduciary duty.

22. The Hartford has abused its discretion by failing to consider his medical condition in relation to the actual duties of his occupation.

23. The Hartford administered Plaintiff's claim with an inherent and structural conflict of interest as The Hartford is liable to pay benefits from its own assets to Plaintiff, and each payment depletes The Hartford's assets.

24. The Hartford has failed to give the policy and Plan a uniform construction and interpretation.

25. The Hartford chooses to conduct reviews of denied claims in order to maintain strict control over its risk of loss and to maintain higher profit margins than if a financially independent third party decided the appeals.

26. As a routine business practice, The Hartford uses the appeals process to support initial benefit denials rather than to review impartially whether it should reverse appealed denials.

27. The Hartford's administration of this claim corrupts any reasonable meaning of "full and fair review" that ERISA requires.

28. Plaintiff has been denied the benefits due Plaintiff under the Plan, has suffered, and is continuing to suffer economic loss as a result.

29. Plaintiff is entitled to an award of interest on all money that Defendants should have paid to Plaintiff.

30. Defendants' denial has required Plaintiff to hire attorneys to represent him in this matter to recover benefits due Plaintiff under the Plan.

31. Alternatively, this claim is not governed by ERISA because Plaintiff's disability policy was part of a non-ERISA plan, so Plaintiff's claim for disability benefits is governed by Louisiana law. Plaintiff therefore demands a trial by jury, as well as penalties under the Louisiana Insurance Code and damages for emotional distress caused by the wrongful denial of his benefit claim.  This Court has jurisdiction over this case because the parties are diverse and the amount in controversy exceeds $75,000 exclusive of interest and costs.

Wherefore, Plaintiff prays for judgment against each Defendant as follows:

1. For all benefits due Plaintiff in the past and future under the Plan, plus pre- and post-judgment interest;
2. For all reasonable attorney fees;

3. For costs of suit; and

4. For all other relief as the facts and law may provide.

                                              Respectfully submitted,

                                              /s/ Reagan Toledano
                                              Willeford & Toledano
                                              James F. Willeford (La. 13485)
                                              Reagan L. Toledano (La. 29687)
                                              Shane Pendley (La. 34023)
                                              201 St. Charles Avenue, Suite 4208
                                              New Orleans, Louisiana 70170
                                              (504) 582-1286; (f) (313)692-5927
                                              rtoledano@willlefordlaw.com